HOLMES v. DOWIE et al.

IRVINE et al. v. THOMAS.

(Circuit Court of Appeals, Seventh Circuit.  January 4, 1910.)

No. 1,616.

1. COURTS (§ 508*)—PROCEEDINGS IN STATE COURT—FEDERAL COURT—JURISDICTION.

Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), providing that an injunction shall not be granted by any federal court to stay proceedings in a state court except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy, does not apply to a suit in a state court by which it is attempted to fasten an easement on the fee of lands taken into the possession of a federal Circuit Court for the administration of an estate through a receiver, since the federal court's possession drew to it power to hear and decide all controversies relating to rights and interests in the property.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 508.*

Federal courts enjoining proceedings in state courts, see notes to 16 C. C. A. 90; 27 C. C. A. 575; 63 C. C. A. 437.]

2. RECEIVERS (§ 110*)—ADMINISTRATION OF ESTATE—SCOPE—QUESTIONS DETERMINED.

Where insolvent was the owner of a large tract of land subject to many leases containing restrictions as to the use of the property when a receiver was appointed, who asserted dominion over the incorporeal rights of the insolvent, his right to relieve the lessees severally from the restrictive conditions was a valuable asset in the hands of the receiver, and hence, the extent to which the recited restrictive conditions was affected by other paragraphs of the leases, by the character of the plat or by the oral or written representations of the insolvent, were questions affecting the value of the receiver's reversionary interest, to be presented to and adjudicated by the court of administration.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 110.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by William B. Holmes against John Alexander Dowie and others, consolidated with a bill by Gus D. Thomas, as receiver of the estate of Dowie, against Charles D. Irvine and others.  From a decree in favor of the receiver, Irvine and others appeal.  Affirmed.

In July, 1906, in a suit by Holmes against Dowie and others, appellee's predecessor was appointed receiver and directed to take immediate possession of all property, real, personal, and mixed, situated in Lake county, Ill., then in the name of or claimed to have been owned by Dowie.  Of the tangible property appellee's predecessor and appellee took and held actual possession; over the intangible they exercised dominion so far as that was possible.

About 1901 Dowie purchased 6,500 acres of land in Lake county, Ill., and thereon established what was and is known as Zion City.  When the receiver was appointed, a considerable portion of the Zion City site (in lots and blocks) remained in fee simple absolute in Dowie; the balance he had transferred by uniform residential or uniform business property leases to various persons who went into possession thereunder.  All leases were to run till January first, A. D. 3000.

In the leases of residential property one of the covenants of the lessees was that the premises "shall not, nor shall any portion thereof, or any building,

──────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or structure of any kind, now or hereafter located on said premises, ever be used (without the written consent of the lessor is first obtained) as or for other than residential uses and purposes."

In March, 1909, appellants, lessees of residential property, filed their bill in the Lake county circuit court against the lessees of three other lots in the residential district to restrain them from using the lots for other than residential purposes. The receiver was not a party to this Lake county suit. None of the parties to the Lake county suit had been made parties to the suit of Holmes against Dowie in the United States Circuit Court.

The Lake county bill, after setting forth the above recited facts relating to the Zion City site and the leases of lots, further averred in effect that in the plat certain portions were set aside and forever reserved exclusively for residential purposes; that Dowie, before any leases were made, represented to the world in public speeches and prints that the title to the site would be held and protected so that the conditions as to residence and business lots would be preserved forever; that appellants (and more than 300 others similarly situated in whose behalf also the bill was alleged to have been brought) relied upon said representations in taking leases; that the defendants were threatening and were about to violate the conditions of their leases; that others, in pursuance of a conspiracy with the defendants, would from time to time seek to do likewise; and that appellants and all others similarly situated had acquired, by virtue of the premises, easements over and appurtenant to all the lands within the Zion City site. The prayer was, not only that the named defendants be enjoined, but that the easements of appellants (and of all others similarly situated who should come into the case) be adjudicated and established in and to all the lands in Zion City.

A few days after the aforesaid bill was filed in the Lake County circuit court appellee as receiver presented to the court below his petition in which, after setting forth the situation as hereinabove outlined, he alleged that the lands within the Zion City site had been scheduled in his inventory of the assets of the Dowie estate; that in some he owned as receiver the fee simple, and in the balance the reversionary interest; that, under orders of the court, he was engaged in converting these assets into money; and that the filing and pendency of appellants' Lake county bill constituted a cloud upon his title. Appellants' answer admitted the facts stated in the petition, but denied the legal conclusion. Thereupon the court entered the decree from which this appeal is taken, enjoining the maintenance of the Lake county suit.

George W. Field and Leslie A. Needham, for appellants.

C. H. Poppenhusen, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). We deem it too obvious to require elaboration that section 720, Rev. St. (U. S. Comp. St. 1901, p. 581), has no application to the Lake county suit as an attempt to fasten an easement upon the fee of the lands that the United States court had taken into its possession for the purposes of administration. That possession drew with it the power (and the exclusive power, without the consent of the administering court) to hear and decide all controversies relating to rights and interests in such property. Farmers' Loan & Trust Co. v. Lake St. Elevated Rld. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 664; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Swope v. Villard (C. C.) 61 Fed. 417; Louisville Trust Co. v. Cincinnati, 76 Fed. 296, 22 C. C. A. 334; J. I. Case Plow Works v. Finks, 81 Fed. 529, 26 C. C. A. 46; American Loan & Trust Co. v. Central Vermont Rld. Co. (C. C.) 84 Fed. 917; Buckhannon & N. Rld. Co. v. Davis, 135 Fed. 707, 68 C. C. A. 345.

This really would be enough to justify an affirmance of the decree, for the Lake county bill very clearly is aimed at affecting the title to Zion City lands that had never been leased, and the question is the right of appellants to maintain that bill, not some lesser bill.

But if appellants were thought to be right in assuming that the larger aspects could properly be ignored and the bill considered merely as one in personam, on behalf of appellants only, against the lessees of three lots to compel them to respect negative easements, we should regard the decree well rendered. The lessees were in physical possession; but appellee was asserting dominion over the incorporeal rights of the lessor in the leases. If the lessor, as against all the lessees, had the right by his written consent to relieve lessees severally from restrictive conditions, that would be a valuable property right, a valuable asset in the hands of appellee. To what extent the recited condition in the uniform leases is colored by other paragraphs, or by the character of the plat, or by the oral or written representations of Dowie, are questions that would affect the extent and value of appellee's reversionary interests; and therefore are questions that, on reason and authority, as we believe, should be presented to the court of administration.

The decree is affirmed.