## LOVE v. LOUISVILLE & E. R. CO. et al.

### (Circuit Court, W. D. Kentucky. March 26, 1910.)

COURTS (§ 501*)—CONFLICTING JURISDICTION OF FEDERAL AND STATE COURTS —ACTION AGAINST FEDERAL RECEIVER—"IN RESPECT TO ANY ACT OR TRANSACTION."

An action in a state court against a receiver appointed by a federal court, the purpose of which is to recover land in the possession of such receiver in a suit to foreclose liens thereon, and damages for its detention, is not one "in respect to any act or transaction" of the receiver in carrying on the business in connection with such property within the meaning of Act March 3, 1887, c. 373, § 3, 24 Stat. 554, as amended by Act Aug. 13. 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), and cannot be maintained under such act without leave of the federal court, but may be enjoined by such court as an unwarranted interference with its possession of the property.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1409; Dec. Dig. § 501.*

Actions by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

In Equity. Suit by William Love against the Louisville & Eastern Railroad Company and others. On demurrer to petition of Henry Glover, receiver, against Dudley Gregory and others. Demurrer overruled.

A. E. Richards, for receiver.
Gibson, Marshall & Gibson, for respondents.

EVANS, District Judge. Henry Glover, the court's receiver in this case, on March 18, 1910, filed a petition showing that Dudley Gregory, by his attorneys, Gibson, Marshall & Gibson, had, on February 14th, filed in the Jefferson circuit court a suit in equity against him in respect to certain real estate then in his possession as such receiver, and in which suit Gregory claimed relief as follows:

"First. To recover from the defendants therein the title to and possession of a part of the right of way of said railroad company, being a strip of land about 15 feet wide and about 551 feet in length, located in Jefferson county, state of Kentucky.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

"Second. To enjoin the defendants therein from interfering with the plaintiff, Gregory, in the construction of a crossing over said right of way.

"Third. To recover $1,000 in damages for the detention of said strip of land and refusing to allow him to construct said crossing."

The receiver has thus brought the matter to the attention of the court, and by his petition asks that Gregory and Gibson, Marshall & Gibson, his attorneys, be enjoined and restrained from prosecuting the suit in equity in the state court, and be compelled to dismiss the same. To the receiver's petition the defendants thereto have filed a demurrer based upon several grounds.

The question thus raised turns upon the provisions of Judiciary Act March 3, 1887, c. 373, § 3, 24 Stat. 554, as corrected by Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), which are as follows:

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

So far as the matter now before us calls for inquiry, we need only consider whether the case in the state court can properly be held to be a suit against the receiver "in respect to any act or transaction of his in carrying on the business connected with" the property in his hands as the receiver of this court in the principal case. A careful reading of the petition in equity, a copy of which the receiver exhibits with his petition, seems clearly to show that it seeks to recover from the receiver certain property in his possession under the orders of the court, to wit, certain real estate, also to enjoin the receiver from interfering with Gregory's efforts to use that property for his own purposes, which, in effect, would be a recovery, pro tanto of the land and further to recover from the receiver $1,000 damages for the detention by the receiver of possession of the land, and for the receiver's refusal to allow Gregory to construct a crossing over it, although it is not stated that this court had authorized or directed its receiver to permit such crossing. We think it obvious as to the first two claims to relief asserted by Gregory in his suit, and which are set forth above, namely, first, his claim to recover certain property in the receiver's hands, and, second, his claim to an injunction against the receiver's refusal to permit Gregory to put that property to certain uses of his own that Gregory's suit in no sense is one "in respect to any act or transaction" of the receiver in carrying on the business connected with the property in his hands, in the language of the statute above copied. And inasmuch as Gregory's third prayer, namely, that for a judgment for $1,000 damages, is plainly dependent upon the other two or at least upon the first of them, and cannot stand without them, and inasmuch as relief under the third prayer is manifestly contingent upon the relief claimed in the first prayer, the third prayer or claim necessarily must fall with the others, however ingeniously it may have been devised to come within the statute.

In short, Gregory seeks to recover certain land in the possession of the receiver and damages for its detention. As Gregory may not sue for the principal thing (the land) without leave of the court, so, logically, he cannot without such leave sue for the dependent and incidental thing (damages for detaining it), particularly as any right to such damages must depend upon this court's judgment as to whether possession of the land has been wrongfully withheld from Gregory by the receiver while acting under the orders of the court. It would be incongruous and intolerable for this court, which long ago acquired jurisdiction of this action to foreclose certain liens upon property of which, through its receiver, it has possession for the purposes of this cause, to be required to yield to any other tribunal the right to determine whether any part of that property belongs to some person other than those who are parties to this suit. This court is open to all claimants of any part of the property in the possession of its receiver. It has ample and competent jurisdiction to hear and determine all claims to any part of it, and those claims cannot be adjudicated elsewhere without its express permission first obtained.

After careful consideration of the subject, we have reached the following conclusions, namely:

First. The question of a removal to this court of Gregory's suit in the state court which was argued at the hearing does not seem to be pertinent nor important. Under the ruling of the Supreme Court in Gableman v. Peoria, etc., Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 200, Gregory's suit is not a removable one. See, also, Marrs v. Felton (C. C.) 102 Fed. 775.

Second. Ordinarily the bringing of a suit against a receiver in another court without leave of the court which appointed the receiver is a contempt of the latter. In re Tyler, 149 U. S. 181, 13 Sup. Ct. 785, 37 L. Ed. 689. Not only so, but it is established practice that the prosecution of such suit may be enjoined although the appointing court is a federal court and the court in which the suit is brought is a state court. J. I. Case Plow Works v. Finks, 81 Fed. 529, 26 C. C. A. 16, and Garner v. Second National Bank, 67 Fed. 836, 16 C. C. A. 86. The statute we have copied created an exception to the general rule requiring the leave of the appointing court, and provides that suits in respect to any act or transaction of the receiver in carrying on the business connected with the property in his possession under the court's orders may be brought without the leave of that court. We think it entirely clear that Gregory's suit is not within this statutory exception.

We base these conclusions upon the cases of J. I. Case Plow Works v. Finks, 81 Fed. 529, 26 C. C. A. 46; Buckhannon & R. Co. v. Davis, 135 Fed. 707, 68 C. C. A. 345; Coster v. Parkersburg, etc., R. R. (C. C.) 131 Fed. 115; Comer v. Felton, 61 Fed. 736–737, 10 C. C. A. 28; Central Trust Co. v. East Tennessee, etc., Ry. Co. (C. C.) 59 Fed. 523; In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; and Julian v. Central Trust Co., 193 U. S. 112, 24 Sup. Ct. 399, 48 L. Ed. 629.

The proper proceeding to be pursued by any person claiming an interest in any property in the hands of the receiver of a court is to bring the claim to the attention of the court whose receiver has the

property in possession, and have the matter there litigated or otherwise to apply for the court's permission to litigate it elsewhere.

The demurrer will be overruled. This disposes of everything now before the court, as we find no motion for any relief pendente lite nor for any process for contempt.