COSTER et al. v. PARKERSBURG BRANCH R. CO. et al.

(Circuit Court, N. D. West Virginia. April 1, 1904.)

1. FEDERAL COURTS—RAILROADS—RECEIVERS—JURISDICTION—EMINENT DOMAIN —ACTIONS.

Where a federal court has appointed a receiver of a railroad company in proceedings to foreclose an underlying mortgage, a proceeding against such receiver by another railroad to condemn a grade crossing could only be permitted in the court where such receivership was pending, notwithstanding the act of Congress permitting such receivers to be sued without leave of court first obtained, since such act relates only to suits arising out of acts of the receiver in the discharge of his duties in transactions connected with the property in his hands.

In Equity.

Reese Blizzard and W. S. Meredith, for petitioner.
J. W. Davis and John Bassel, for receiver.

GOFF, Circuit Judge. The bill of Coster et al., trustees, was filed March 13, 1899, its purpose being the foreclosure of the underlying mortgage of the Parkersburg Branch Railroad Company, dated July 1, 1879. In accordance with the prayer of said bill John W. Davis was appointed receiver of all the property of said railroad company, and he duly qualified as such officer. Pending the proceedings in that case the Buckhannon & Northern Railroad Company, on the 27th day of October, 1903, filed its petition therein, asking permission to institute and prosecute in the circuit court of Taylor county, W. Va., certain condemnation proceedings against the said receiver, the object of which was to secure a crossing for the Buckhannon & Northern Railroad Company over the railroad and right of way of the Parkersburg Branch Railroad Company at a point within the corporate limits of the city of Grafton, in Taylor county, W. Va. It was set out in the petition that the Buckhannon & Northern Railroad Company is a corporation organized under the laws of the state of West Virginia for the purpose of constructing and operating a railroad for public use from the town of Buckhannon, in Upshur county, to Fairmont, in Marion county, W. Va., and thence on to the boundary line between the states of West Virginia and Pennsylvania; and that in constructing its railroad it is necessary for the petitioner to cross at grade the right of way and roadbed of the Parkersburg Branch Railroad at the point desired to be condemned for that purpose, and that such crossing was necessary in connection with the construction of petitioner's railroad; that said petitioner and the Parkersburg Branch Railroad Company could not agree upon the amount of compensation to be paid for such crossing, nor upon the point at which it was to be made, nor the manner of making the same. This court, on consideration of such application, granted permission to the Buckhannon & Northern Railroad Company to institute and maintain a suit against John W. Davis, receiver of the Parkersburg Branch Railroad Company, relative to such crossing; the

¶ 1. Suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.

order then entered containing these words: "The court at this time not passing upon the forum in which said suit or proceeding is to be instituted." On the 4th day of November, 1903, the receiver moved the court to strike from the record of this cause the order entered therein on the 27th day of October, 1903, giving such permission to institute proceedings to condemn, and the court, on considering such motion, set the hearing of the same for November 17, 1903. Notice of the fact that this court had so set the hearing of such motion was served on the Buckhannon & Northern Railroad Company on the 6th day of November, 1903. On November 9, 1903, the Buckhannon & Northern Railroad Company served notice on the receiver that it would, on November 19, 1903, make application by petition to the circuit court of Taylor county, W. Va., to appoint commissioners to ascertain a just compensation to the owners, and to secure such orders as might be necessary to condemn the right of way before mentioned. This notice was served without any application having been made to this court to dispose of the question of the forum, reserved when leave to sue was granted. The receiver, on November 17, 1903, filed a report of his proceedings as such officer, and, the cause coming on to be then further heard, it was ordered that the hearing on the motion to set aside the order giving permission to sue be had on December 2, 1903, and that in the meantime the Buckhannon & Northern Railroad Company be restrained from prosecuting its said action in the circuit court of Taylor county, W. Va., until the further order of this court. Counsel have been fully heard on the questions raised by said motion, and the court has carefully considered the briefs filed and the authorities cited.

This court, by its order appointing John W. Davis receiver, assumed the administration of the assets of the Parkersburg Branch Railroad Company; all of which the court took into its possession for the benefit of those it might thereafter find entitled to the same. It is the duty of this court to see that the receiver not only properly and faithfully performs his duties, but also that every reasonable facility is afforded him to do so, and that the property with which he is intrusted, and for which he is responsible, is duly protected by its orders and its officers. Would it be fair to the receiver and to those he represents for this court to transfer to another jurisdiction the control of any portion of the property for which such officer is responsible? If the court submitted to such other jurisdiction the questions relating to the condemnation of the property, would the receiver's liability therefor cease, and, if so, would he be accountable for the same? Would it be just to those entitled to the property, or to the funds arising from its sale—parties who, under the law, have the privilege of entering this jurisdiction, and who having entered it insist on their right to remain therein—for this court to require them to litigate in another tribunal matters which, as stated by the party presenting them, will necessarily have a direct and important bearing on the property and the funds involved in this suit? I am not favorably impressed with the contention of counsel for the petitioner that the Buckhannon & Northern Railroad Company could have maintained its suit against this receiver in the circuit court of Taylor county, W. Va., without first having obtained the permission of this court so to sue him. The act of Congress relating to such suits au-

thorizes them to be brought without leave of the court only where the suit so instituted is because of some act or transaction of the receiver in carrying on the business connected with the property in his possession. If a receiver appointed by this court has negligently discharged his duties, and thereby has caused an injury to another, he can be sued therefor in any court of competent jurisdiction; and if he has made a contract as such official, and thereafter refused or neglected to observe the terms of the same, he may be sued concerning it within another jurisdiction, without the permission of this court, for in such instances the suits would be in respect to his act in carrying on the business connected with the property in his custody. In this case the object of the bill is to foreclose the underlying mortgage of the Parkersburg Branch Railroad Company, dated July 1, 1879. If counsel are right in their contention that in all cases permission to sue the receiver is unnecessary, then the validity of that mortgage, or the claim that it has been satisfied, could be litigated in a suit filed in another court against said receiver, thereby at least greatly embarrassing the complainants in this suit, as also this, the court of original jurisdiction. That would be a most anomalous situation, one not calculated to promote the due and orderly administration of justice, and, in my judgment, one not contemplated by the Congress when it enacted the legislation referred to. When this court passed the order authorizing its receiver to be sued— the order it is now asked to set aside—it especially reserved all questions relating to the court in which the suit should be filed. It was asked to designate the circuit court of Taylor county, W. Va., and it did not do so, but held that matter open for further consideration. With the assistance of counsel, the court has given the matter the careful attention its importance demands, and has reached the conclusion that under the circumstances of this case it would not be proper to either authorize or permit its receiver to be sued in any other jurisdiction for the purpose set out in the petition of the Buckhannon & Northern Railroad Company, filed herein. The practice found by long experience to be productive of the best results to all concerned is to hear and determine all matters and claims relating to the property in the hands of a receiver by petitions filed in the cause in which he was appointed. This rule has been modified by statute, so far as the courts of the United States are concerned, by permitting a receiver appointed by those courts to be sued in another jurisdiction in cases where his act is drawn in question in transactions connected with the property in his hands, arising during the discharge of his duties as such official. In reaching the conclusion I do I have not overlooked the opinion of the Supreme Court of the United States in the case of Gableman v. Peoria, D. & Evansville Railroad Company, 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220. The opinion and judgment in that case had reference to the special facts then presented to the court, from which it clearly appeared that the receiver had been sued in a court other than the one by which he was appointed for alleged negligence in the operation of a railway train, and for carelessness in the use of gates at a railway crossing. The Supreme Court held that under such circumstances the receiver could be sued in another jurisdiction without the leave of the court appointing him. I cannot reach the conclusion that the Supreme Court, by its

judgment in that case, intended to hold that a receiver appointed by a federal court could be sued in a state court without the permission of the court appointing him, the object of such suit being to condemn and remove from its jurisdiction a portion of the very property that the court appointing such officer had taken under its control.

I do not think it would be just to the interests involved in this suit for this court at this time, under the pleadings as they now exist, to pass upon the questions argued by counsel relating to the method of proceeding to condemn the crossing described in the petition of the Buckhannon & Northern Railroad Company, nor would it, in my judgment, be proper for the court to now construe the sections of the Code of West Virginia under which it is claimed that such proceedings may be prosecuted. The order heretofore entered, granting permission to sue, will be so enlarged as to permit the petitioner to institute in this court and in this cause such proceedings as it may deem proper, having for their object the securing of the crossing referred to in the petition mentioned. To such proceedings the receiver can set up by plea, answer, or demurrer such defense as he may conclude to be proper, and the matter can then come on for hearing and disposition in the regular manner.

The injunction heretofore granted, restraining the Buckhannon & Northern Railroad Company from prosecuting its proceedings for condemnation in the circuit court of Taylor county, will be continued in force.