### BUCKHANNON & N. R. CO. v. DAVIS.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

No. 553.

1. FEDERAL COURTS—RECEIVERS—LEAVE TO SUE—CONDITIONS.

Where a petition was filed in a federal court for permission to sue its receiver of a railroad company to condemn a grade crossing over the railroad's right of way, the court had power, in granting such permission, to reserve the question as to the forum in which the suit should be brought, and, if necessary, to modify or revoke any order which it might have improvidently granted.

[Ed. Note.—Action by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

2. SAME—EMINENT DOMAIN—FEDERAL COURTS—JURISDICTION.

Where a federal court had taken jurisdiction of the property of a railroad company in process of liquidation, and had appointed a receiver therefor, an order requiring that a suit against the receiver to condemn a crossing over such railroad's right of way should be brought in the federal court did not constitute an interference with the state in the exercise of its rights of eminent domain.

3. SAME—STATUTES.

Act Cong. March 3, 1887, c. 373, § 3, 24 Stat. 554, and Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582], declaring that every receiver of any property, appointed by any court of the United States, may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without previous leave of the court in which such receiver was appointed, etc., did not authorize the bringing of a suit to condemn a crossing over the right of way of a railroad company in the hands of a receiver appointed by a federal court without leave thereof.

4. SAME—ACTS OF RECEIVER.

Refusal of the receiver to agree on a crossing at a point and in a manner insisted upon by the petitioner, which the receiver considered as detrimental to the property in his custody as receiver, did not constitute "an act or transaction" by the receiver within such act.

Appeal from the Circuit Court of the United States for the Northern District of West Virginia.

For opinion below, see 131 Fed. 115.

W. S. Meredith (Reese Blizzard, on the brief), for appellant.

John W. Davis (John Bassel and Ira E. Robinson, on the brief), for appellee.

Before PRITCHARD, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

PRITCHARD, Circuit Judge. The bill of Coster et al., trustees, was filed March 13, 1899, its purpose being the foreclosure of the underlying mortgage of the Parkersburg Branch Railroad Com-

pany, dated July 1, 1879. In accordance with the prayer of said bill, John W. Davis was appointed receiver of all the property of said railroad company, and he duly qualified as such officer. Pending the proceedings in that case the Buckhannon & Northern Railroad Company, on the 27th day of October, 1903, filed its petition therein, asking permission to institute and prosecute in the circuit court of Taylor county, W. Va., certain condemnation proceedings against the said receiver, the object of which was to secure a crossing for the Buckhannon & Northern Railroad Company over the railroad and right of way of the Parkersburg Branch Railroad Company at a point within the corporate limits of the city of Grafton, in Taylor county, W. Va. It was set out in the petition that the Buckhannon & Northern Railroad is a corporation organized under the laws of the state of West Virginia for the purpose of constructing and operating a railroad for public use from the town of Buckhannon, in Upshur county, to Fairmont, in Marion county, W. Va., and thence on to the boundary line between the states of West Virginia and Pennsylvania; and that in constructing its railroad it is necessary for the petitioner to cross, at grade, the right of way and roadbed of the Parkersburg Branch Railroad at the point desired to be condemned for that purpose, and that such crossing was necessary in connection with the construction of petitioner's railroad; that said petitioner and the Parkersburg Branch Railroad Company could not agree upon the amount of compensation to be paid for such crossing, nor upon the point at which it was to be made, nor the manner of making the same. The court, after considering such application, granted permission to the Buckhannon & Northern Railroad Company to institute and maintain a suit against John W. Davis, receiver of the Parkersburg Branch Railroad Company, relative to such crossing, the order then entered containing these words: "The court at this time not passing upon the forum in which said suit or proceeding is to be instituted." On the 4th day of November, 1903, the receiver moved the court to strike from the record the order entered therein on the 27th day of October, 1903, giving such permission to institute proceedings to condemn, and the court, on considering such motion, set the hearing of the same for November 17, 1903. Notice of the fact that the court had so set the hearing of such motion was served on the Buckhannon & Northern Railroad Company on the 6th day of November, 1903. On November 9, 1903, the Buckhannon & Northern Railroad Company served notice on the receiver that it would, on November 19, 1903, make application by petition to the circuit court of Taylor county, W. Va., to appoint commissioners to ascertain a just compensation to the owners, and to secure such orders as might be necessary to condemn the right of way before mentioned. This notice was served without any request having been made to the court to dispose of the question of the forum, reserved when leave to sue was granted. The receiver, on November 17, 1903, filed a report of his proceedings as such officer, and, the cause coming on to be further heard, it was ordered that the hearing on the motion to set aside the order giving per-

mission to sue be had on December 2, 1903, and that in the meantime the Buckhannon & Northern Railroad Company be restrained from prosecuting its said action in the circuit court of Taylor county, W. Va., until the further order of the court. After a consideration of the questions presented by the record, the court amended the order of January 27, 1903, which gave the Buckhannon & Northern Railroad Company the right to institute proceedings against the receiver, by restricting the parties to the right to institute such proceeding in the Circuit Court of the United States in the cause of Coster et al. v. The Parkersburg Branch Railroad Company, 131 Fed. 115, and perpetually enjoining the Buckhannon & Northern Railroad Company from further prosecuting its suit for condemnation in the circuit court of Taylor county, W. Va.

It is contended by appellant that the court did not have power to revoke, annul, or modify its order of October 27, 1903, which granted permission to sue the receiver, and reserved the question as to the forum in which suit should be brought. The court undoubtedly had the right to attach any reasonable condition to the order which granted permission to sue the receiver, and, if necessary, to modify or revoke any order which it might have improvidently granted.

It is also contended by appellant that the state of West Virginia, in the exercise of its sovereign right of eminent domain, cannot in any way be interfered with by the courts of the United States. We do not understand such to be the law. In the case of Searl v. School District No. 2, 124 U. S. 199, 8 Sup. Ct. 461, 31 L. Ed. 415, Justice Matthews, in discussing this question, said:

"Such a proceeding, according to the decision of this court in Kohl v. United States, 91 U. S. 367 [23 L. Ed. 449], is a suit at law, within the meaning of the Constitution of the United States and the acts of Congress conferring jurisdiction upon the courts of the United States. In Boom Co. v. Patterson, 98 U. S. 403, 406 [25 L. Ed. 206], speaking of a judicial proceeding to appropriate private property to a public use and to fix compensation therefor, it was said: 'If that inquiry take the form of a proceeding before the courts, between parties, the owners of the land on one side, and the company, seeking the appropriation, on the other, there is a controversy which is subject to the ordinary incidents of a civil suit;' and among such incidents it was held in that case was the right, on the ground of citizenship, to remove it from a state to a federal tribunal for hearing and determination. The same point was ruled in the Pacific Railroad Removal Cases, 115 U. S. 1, 18 [5 Sup. Ct. 1113, 29 L. Ed. 319]. In Gaines v. Fuentes, 92 U. S. 10 [23 L. Ed. 524], it was held that 'a controversy between citizens is involved in a suit whenever any property or claim of the parties capable of pecuniary estimation is the subject of litigation, and is presented by pleadings for judicial determination."

In the case supra the federal court did not have jurisdiction in the first instance, but obtained it by virtue of the removal of the case from the state to the federal court. In this case the court has already assumed jurisdiction and control over the property which is sought to be condemned for public use, and, inasmuch as it had jurisdiction over the parties and subject-matter of the controversy at the time of the application to sue the receiver, it was competent for the court to put in motion the machinery provided by

the statutes of West Virginia for the purpose of adjusting the rights between the parties.

It has often been held in cases wherein federal courts assume jurisdiction of a suit pending between citizens of different states that the court is empowered to proceed in accordance with the rules of procedure which obtain in the state where the controversy arises. In this case it is clear that the court has the right on a proper showing to authorize the condemnation of the property in question, in accordance with the provisions of the statutes of West Virginia; and in doing so the court does not interfere with the state in the exercise of any right authorized by its statutes, but is simply enforcing the laws of West Virginia in a case where the court has obtained jurisdiction over the parties and the subject-matter involved in the controversy. However, the principal and most important question which the court is called upon to decide is whether the facts in this case entitle the petitioner to institute suit against the receiver without permission of the court. The real contention presented for our consideration is as to the proper construction of section 3 of Act March 3, 1887, c. 373, 24 Stat. 554, and Act Aug. 13, 1888, c. 866, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582], which reads as follows:

"That every receiver or manager of any property, appointed by any court of the United States, may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed; so far as the same shall be necessary to the ends of justice."

This act provides that suits may be brought against receivers in certain instances therein specified without leave of the court. It was clearly the intention of Congress to restrict the cases wherein suits are to be brought without permission of the court to acts and transactions of the receiver in carrying on the business intrusted to his care, and the statute in question cannot be construed to mean that suits may be brought against a receiver to establish any right to the property which may be placed in his custody without the permission of the court. The property being at all times under the control of the court of administration, it would be absurd to permit the institution of suits in another forum to recover such property or diminish its value.

If the contention of appellant as to the meaning of the statute be correct, such construction would render the court powerless to protect the property placed in its custody for preservation. It cannot be said that this is a suit which does not affect the value of the property; neither can it be contended that it is not brought for the purpose of recovering a portion of the property now in the hands of the receiver. The suit is proposed to be instituted for the purpose of acquiring an easement, which is, to say the least of it, a qualified estate; it is such an estate as may be assigned and transferred for a valuable consideration, and it is a right which, if established, would deprive the Parkersburg Branch Railroad

Company of the enjoyment of certain rights and interest in the property thus acquired, and would tend to diminish the value of the property remaining in the hands of the receiver. The property being in the hands of the court of administration, such court is entitled in the first instance to pass upon the question whether the receiver shall part with any portion of it, and as to whether the compensation for the taking of the same is adequate; otherwise the policy of the law in relation to the appointment of receivers would be defeated.

The case of Gableman v. Peoria, Decatur & Evansville R. R. Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, is relied on by appellant to sustain the contention that the petitioner is entitled to bring this suit without leave of the court. That was a case wherein a party was injured by the failure of the defendant company in the hands of the receiver to properly operate gates at a railroad crossing. In that case the plaintiff clearly had the right to institute suit against the receiver without leave of the court, because the act complained of was performed while he was, as such receiver, operating the property, which brought it clearly within the provisions of the act of 1887–88.

The contention that the refusal of the receiver to agree upon a crossing at a point and in a matter insisted upon by the appellant, which the receiver considered as detrimental to the property in his custody as receiver, can be construed as an act or transaction by the receiver as contemplated by the act of 1887–88, is untenable. His refusal to accede to the demands of appellant was not "an act or transaction of his in carrying on the business connected with such property in his custody," but was simply a refusal on his part to permit another to acquire title to a portion of the property placed in his custody without first obtaining leave of the court.

Under the circumstances the action of the learned judge who tried this case was eminently proper, and therefore we find no error. The adoption of any other policy in such cases would, in most instances, result in confusion, and would be productive of a conflict of jurisdiction in the administration of property committed to the custody of the court.

The orders of the Circuit Court refusing to authorize the receiver to be sued in another forum, and perpetually restraining the Buckhannon & Northern Railroad Company from instituting suit against the receiver in the circuit court of Taylor County, W. Va., are affirmed.