### UNITED STATES v. SMITH et al.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1923.)

No. 6185.

1. **Indians ☜27(5)—United States may maintain suit for cancellation of illegal mortgage on restricted land, though restriction has since been removed.**

The United States may maintain a suit for cancellation of a mortgage made by an Indian on land subject to restrictions from alienation, after the death of the mortgagor, for the benefit of her heirs, though they took the property free from restrictions.

2. **Judgment ☜828(3)—Suit by United States to protect Indian land from alienation not barred by judgment of state court, to which it was not a party.**

The judgment of a state court against an Indian, sustaining the validity of a mortgage on restricted lands, in a suit to which it was not a party, is not binding on the United States, and does not affect its right to maintain a suit to enforce the restriction.

Appeal from the District Court of the United States for the Eastern District of Oklahoma.

Suit in equity by the United States against R. W. Smith and others. Decree for defendants, and the United States appeals. Reversed.

For opinion below, see 279 Fed. 136.

O. H. Graves, Sp. Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

J. J. Henderson, of Tulsa, Okl., for appellees.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

TRIEBER, District Judge. The action was originally instituted by the appellant on November 29, 1916, "upon its own behalf and on behalf of Amanda Perry, a full-blood Indian of the Cherokee Tribe, and duly enrolled as such." A motion to dismiss having been sustained by the court below, and a decree for defendants entered, the United States appealed to this court, which reversed the decree of the District Court. The opinion on that appeal is in 250 Fed. 218, 162 C. C. A. 354, and, as the allegations in the complaint are therein fully set out, it is unnecessary to state them herein.

After the reversal it was ascertained by appellant that Amanda Perry had died intestate on May 1, 1916, before the institution of the original suit, whereupon an amended complaint was filed alleging that fact, and changing the action as one "upon its own behalf, and on behalf of the heirs of Amanda Perry." An answer was filed by appellant Law, the claimant of the premises in controversy, and the cause submitted for final hearing on an agreed statement of facts. Upon the agreed facts the District Judge held that the plaintiff is not entitled to any relief and dismissed the complaint. To reverse this decree the United States prosecutes this appeal.

The agreed facts are:

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"It is agreed that Amanda Perry was a full-blood Cherokee Indian, duly enrolled as such opposite No. 10,601, and that as such there was allotted and patented to her certain lands as described in the amended bill of complaint; that in due course of the administration of the affairs of said Cherokee Tribe of Indians, and the individual members thereof, and pursuant to law and the rules and regulations of the Secretary of the Interior, restrictions were removed from said allotted land, the land was sold under the supervision of the Secretary of the Interior, and the proceeds of sale retained by the Department of the Interior for the use and benefit of said Amanda Perry; that at the request of said Amanda Perry and in co-operation with her a portion of such funds were by the Secretary of the Interior, acting through the superintendent, Union Agency, Muskogee, Okl., used in purchasing for and on behalf of the said Amanda Perry lot 1 in block 7 of the Midway addition to the city of Tulsa, Eastern district of Oklahoma, the consideration therefor being $1,245; that said deed was duly filed for record on April 7, 1914, and appears of record in Book 168, at page 439, of Tulsa county, Okl.; that under the recitals of said deed the lot therein conveyed became vested in said Amanda Perry, with the further recital in said deed that no lease, deed, mortgage, power of attorney, contract to sell, or other instrument affecting the land therein described, or the title thereto, executed during the lifetime of said grantee at any time prior to April 26, 1931, shall be of any force and effect, or capable of confirmation or ratification, unless made with the consent of and approval by the Secretary of the Interior or his successor in office. It is agreed that a true copy of said deed is attached to the original bill of complaint herein and marked 'Exhibit A.' It is further agreed that said lot 1, block 7, Midway addition, was a town lot in the city of Tulsa, wholly free of restrictions at the time of the purchase thereof, as shown by 'Exhibit A.'

"It is agreed that afterwards, and on April 12, 1915, said allottee, Amanda Perry, and her husband, Samuel Perry, executed to R. W. Smith and E. A. Russell their promissory note for $500, and to secure payment thereof executed and delivered to said R. W. Smith and E. A. Russell a real estate mortgage covering said lot 1, block 7, Midway addition to the city of Tulsa, Okl., which mortgage was filed for record April 15, 1915, and appears of record in Book 135, page 511, of the records of Tulsa county, Okl., a true copy of which is attached to the original bill of complaint herein as 'Exhibit B'; that on April 15, 1915, said R. W. Smith and E. A. Russell did, for a recited consideration of $500 assign said note and mortgage to the defendant J. W. Law, which assignment appears of record in Book 175, page 304, of the Deed Records of Tulsa County, Okl., and a true copy of which is attached to the original bill of complaint herein as 'Exhibit C'; that, said indebtedness having matured, the defendant J. W. Law filed a suit in the superior court of Tulsa county, Okl., for the purpose of foreclosing said mortgage, and on the 22d day of January, 1916, he obtained a judgment in said court against Samuel Perry and Amanda Perry for foreclosure upon said lot 1, block 7, for the purpose of satisfying the mortgage indebtedness, with interest, costs of the action, and an attorney's fee, and did on January 22, 1916, procure a judgment and decree of foreclosure in said court, from which judgment the defendant prayed an appeal to the Supreme Court of Oklahoma.

"It is agreed that on May 1, 1916, said Amanda Perry died intestate, while residing on said lot 1, block 7, and leaving as her heirs at law her husband, Samuel Perry, and three children, Daisy Perry, Sofrono Perry, and Charles Perry; that each and all of said heirs are enrolled as full-blood Cherokee Indians; that afterwards, upon motion duly filed, an order of revivor was entered in the foreclosure proceedings in the superior court of Tulsa county, Okl., a true copy of which is attached as 'Exhibit A' to the answer of the defendant J. W. Law, filed herein January 10, 1919; that thereafter the said heirs of Amanda Perry perfected an appeal in said cause from the superior court of Tulsa county to the Supreme Court of Oklahoma, but that no supersedeas bond was ever made by appellants; that the Su-

preme Court of Oklahoma, on October 9, 1917, dismissed said cause for want of prosecution, and issued mandate to the superior court of Tulsa county, a copy of which is attached as 'Exhibit B' to the answer of said defendant J. W. Law.

"It is agreed that afterwards, and under the foreclosure judgment of the superior court of Tulsa county above referred to, the property was sold by the sheriff, and a sheriff's deed was, on September 29, 1916, executed to J. W. Law, who was the purchaser at said sheriff's sale, conveying to him said lot 1, block 7, as aforesaid; that said deed appears of record in Book 202, page 57, of the records of Tulsa county, Okl., copy of which is attached to the original bill herein as 'Exhibit D.'

"It is agreed that Amanda Perry was in possession of and living upon said lot 1, block 7, up to the time of her death, and that since her death her heirs have continued to occupy and reside thereon, and that they are now residing upon said property."

The only question left for determination is whether the United States can maintain this action, in view of the fact that Amanda Perry died intestate before the institution of this action, her heirs being then the only beneficiaries. The acts of Congress applicable to the issues are the Act of April 26, 1906 (34 Stat. 137), and that of May 27, 1908 (35 Stat. 312). Sections 19 and 22 of the act of 1906 provide:

"Sec. 19. That no full-blood Indian of the * * * Cherokee * * * Tribes shall have power to alienate, sell, dispose of, or incumber in any manner any of the lands allotted to him for a period of twenty-five years from and after the passage and approval of this act, unless such restrictions shall, prior to the expiration of said period, be removed by act of Congress. * * * "

"Sec. 22. That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection has been made, or to whom a deed or patent has been issued for his or her share of the land of the tribe to which he or she belongs or belonged, may sell and convey the lands inherited from such decedent. * * * "

Section 1 of the Act of May 27, 1908, so far as applicable to the issues involved, provides:

"That from and after sixty days from the date of this act the status of the lands allotted heretofore or hereafter to allottees of the Five Civilized Tribes shall, as regards restrictions on alienation or incumbrance, be as follows. * * * "

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee. * * * " Section 9.

[1] On the former appeal sub nomine United States v. Law, 250 Fed. 218, 162 C. C. A. 354, this court held that the regulation by the Secretary of the Interior involved herein was authorized by the Act of Congress of May 27, 1908, 35 Stat. 312, c. 199, and the restriction in the deed against incumbrances on the land purchased from Giles and wife to Amanda Perry was valid and enforceable by the United States as guardian of the Indian. This makes it the law of the case.

The only question now involved, and not before the court on the former appeal, is whether the government may maintain this action; it having been instituted after the death of Amanda Perry, who died

intestate, for the benefit of her heirs, who took the allotment free from all restrictions.

[2] This court in United States v. Moore, 284 Fed. 86, held that it may, and also that, the United States not having been a party to the action in the state court, the decree of that court is not binding on it. This determines those questions.

The decree of the court below is reversed, with directions to enter a decree for the United States.