## FIELD v. KANSAS CITY REFINING CO.
### et al.*

(Circuit Court of Appeals, Eighth Circuit.
November 4, 1925.)

No. 7015.

1. **Appeal and error** ⬗1097(8)—**Decision on former appeal from interlocutory injunction order held law of case on appeal from final order denying motion to dissolve such injunction.**

Decision on former appeal from interlocutory injunction order is law of case on appeal from final order denying motion to dissolve same injunction, where facts and record are substantially the same.

2. **Receivers** ⬗31—**Answer consenting to appointment of receiver, and admitting allegations of creditor's bill, waived proof and necessity of judgment.**

Answer, consenting to appointment of receivers and admitting allegations of creditor's bill for appointment of receiver, including the indebtedness claimed, without objecting that creditor filing it was not judgment creditor, waived proof thereof and necessity of judgment.

3. **Courts** ⬗500—**Suits for possession of property in hands of federal receivers are not maintainable in state court without consent of federal court.**

Where street railroad property was in possession of federal receivers, third party was not entitled to sue in state court under Rev. St. Mo. 1919, § 1970, to have judicially determined his right, title, and interest in and to certain streets, or for damages from alleged trespasses on such streets, or ejectment, without consent of federal court, such actions being for property in possession of receivers; Judicial Code, § 66 (Comp. St. § 1048), being applicable only to rights of action arising from acts of receiver himself and which may be imputed to him after his custody has attached.

4. **Courts** ⬗500—**Continuous administration of property under order of court held not "act" or "transaction."**

Mere continuous administration of property under order of court does not constitute an "act" or "transaction," within Judicial Code, § 66 (Comp. St. § 1048.)

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act; Transaction.]

Appeal from the District Court of the United States for the Western District of Missouri; Kimbrough Stone, Judge.

Suit by the Kansas City Refining Company against the Kansas City Railway Company, in which receivers were appointed to carry on the business and operate the electric railway of defendant. Petition by Richard H. Field for permission to prosecute suits in the state court against the defendant and receivers. From an order overruling and dismissing his motion to dissolve the injunction, petitioner appeals. Affirmed.

*Rehearing denied January 14, 1926.

Richard H. Field, in pro. per.

Charles L. Carr, of Kansas City, Mo. (James E. Goodrich, of Kansas City, Mo., on the brief), for appellees.

Before VAN VALKENBURGH, Circuit Judge, and AMIDON and PHILLIPS, District Judges.

VAN VALKENBURGH, Circuit Judge. Appellant, since May 15, 1915, has been and now is the owner in fee simple of parts of lots 490 and 491 in block No. 37 of McGee's addition to Kansas City, Mo., at the southeast corner of Main and Nineteenth streets in said city. Said tract has a frontage of 57 feet and 8 inches on the east line of Main street and of 62 feet on the south line of Nineteenth street.

The Kansas City Railways Company is now, and since September 9, 1920, has been, in the hands of receivers duly appointed by the District Court for the Western District of Missouri, and said receivers have and maintain upon the surface of said streets and in front of appellant's said tract of land street railway tracks, and a switch to and from each of the four street railway tracks in said streets, and the intersection thereof, which said switch connects these tracks with the other street railway tracks of the Kansas City Railways Company in and beyond said city.

March 28, 1923, appellant filed in the District Court of the United States for the Western District of Missouri, in which said receivership is pending, an application for leave to sue the Railways Company and its receivers in the circuit court of Jackson county, Mo., upon any or all of the following stated causes of action:

"(1) A cause of action under section 1970 of the 1919 Revised Missouri Statutes, to have judicially ascertained and determined the right, title, interest and estate of petitioner and said Railways Company and receivers, respectively, in, to, and upon the said parts of Main street, Nineteenth street, and the intersection of said streets, and also to have the court define and adjudge by its judgment or decree the right, title, interest, and estate, and all claims of petitioner and said Railways Company and receivers in, to, or upon the said parts of said streets, and also to an award of full relief thereon;

"(2) A cause of action for damages sustained by petitioner from said alleged trespasses of said Railway Company and said receivers upon said parts of said streets and the intersection of said streets; and

"(3) A cause of action for a suit in ejectment against said Railways Company and said receivers for possession of said parts of said Main street and Nineteenth street and the intersection thereof."

Appellant, in his application aforesaid, alleges that the Railways Company and its receivers have had, and now have, no right, title, interest, or estate in, to, and upon the above-described parts of Nineteenth and Main streets, or of the intersection thereof, and that they are trespassers thereon; that, by maintaining the switch connecting said tracks and the poles and wires necessary to operation, they have deprived petitioner of ingress to and egress from his said property, and have maintained an abiding menace and nuisance thereto.

The creditor's bill filed prayed the appointment of a receiver for all the property of the Railways Company, including all railroads owned, leased, or operated, tracks and terminal facilities, etc., franchises, leases, rights, and properties. · The franchise ordinance of date June, 1914, under which the Railways Company was operating its lines, defined the "property," "street railway lines," "street railway system," or equivalent expressions used to describe the holdings of the Railways Company, as denoting all the property in Missouri then being used in conducting said street railways, including all franchises, rights, and privileges of every nature enjoyed or exercised, or capable of being enjoyed or exercised, in connection therewith. It provided for a large number of extensions, among them one on Main street, from Nineteenth to Twenty-Seventh streets, to be completed within three years. The court, by its order, vested its temporary receiver with title as comprehensive as that prayed in the bill.

October 21, 1920, there was filed the intervening petition of the trustee in the first mortgage upon the properties of the Railways Company, in which it was disclosed that that mortgage was in default, at least since January 1, 1920, and covered, among other property, the lines of railway and trackage of which appellant complains. October 27, 1920, the court appointed the permanent receivers, by its order directing that "said receivers shall forthwith, on assuming their duties, take possession of all of said property, and continue, until otherwise directed, the operating of defendant's lines of railway and its property as one connected and allied system." It appears beyond successful contradiction that, at the time the court, through its receivers, assumed possession and control of the properties of the Railways Company, the trackage and franchise rights, which are the subject of this controversy, formed an integral part thereof.

Upon hearing, the application of appellant to sue in the state court was granted to the extent of permitting him to commence his suit in the circuit court of Jackson county, Mo., and to have summons issued and served as against the receivers and the defendant corporation—this to protect against the running of the statutes of limitation; but appellant was enjoined and restrained, until the further order of that court, from proceeding with said cause in the state court beyond the commencement of the suit and the issuance of service of summons. Conceiving that it had full power and jurisdiction to hear and determine the same, the District Court granted to appellant permission to file in the receivership case an intervening petition, asserting the causes of action set out in his said application. From this order, granting the injunction aforesaid, appellant herein prosecuted his appeal to this court, where the action of the lower court was sustained. 296 F. 800. Thereupon appellant filed in the District Court a motion to dissolve said injunction; that motion was overruled, and the present appeal follows. The action of the trial court in overruling and dismissing this motion is accepted as tantamount to a final disposition from which an appeal will lie.

[1] This case, as has been said, was before this court at a previous term upon the injunction order complained of; that order, viewed as interlocutory, was held appealable under paragraph 129, Judicial Code (Comp. St. § 1121), and was affirmed. The opinion of Judge Kenyon so fully and satisfactorily considers the established principles governing the action of the trial court that further discussion would appear unnecessary. The former appeal involved the validity of the injunction order. The present appeal involves a motion to dissolve the same injunction as improvidently made. No new facts were adduced; the submission was substantially upon the same record; therefore the decision upon the first appeal becomes the law of the case. United States v. Smith et al. (this Circuit) 288 F. 356. The issues on both appeals are identical. However, appellant so earnestly insists upon the distinction conceived to exist between temporary order and final hearing in this class of cases, and upon the duty of the court to review its judgment upon final appeal, that

we consent to consider the matters relied upon in argument and brief.

[2] It is first urged that the creditor which filed the bill under which the receivers were appointed was a simple contract creditor, whose claim had not been reduced to judgment, and therefore the court was without jurisdiction, in the premises; but by answer the Railways Company not only consented to the appointment of receivers without interposing this objection, but also admitted all the allegations of the bill which asserted the indebtedness, thereby waiving proof thereof, and the necessity of judgment. Metropolitan Railway Receivership, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403. There was neither absence of such admission nor denial of the indebtedness, as in Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871, and Pusey & Jones v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. The doctrine announced in the Metropolitan Case, supra, is in no respect impaired by these cases.

It is contended that the receivership suit was collusive, and the jurisdiction is challenged on that ground. To sustain this contention the face of the record and the files are relied upon. It is sufficient to point out that nothing appears thereon, nor therein, to justify this claim of appellant. Dickerman v. Northern Trust Co., 176 U. S. 181, 190, 191, 20 S. Ct. 311, 44 L. Ed. 423.

[3] Appellant complains that he was not a party to the receivership case, that he is not bound by the decree entered therein, and that his rights were not drawn thereby into the jurisdiction of the District Court. It is quite true that he is, upon appropriate issues framed, entitled to have his claims heard and determined; that right has been accorded to him by the order which he attacks, but does not carry with it the right to dictate the forum in which he may be heard.

"Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction." Lion Bonding & S. Co. v. Karatz, 262 U. S. 77,

88, 89, 43 S. Ct. 480, 67 L. Ed. 871. To the same effect, Field v. Kansas City Refining Co. (C. C. A.) 296 F. 800; Odell v. Batterman, 223 F. 292, 138 C. C. A. 534; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Durand v. Howard, 216 F. 585, 132 C. C. A. 589, L. R. A. 1915B, 998; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Smith v. St. Louis & S. F. Ry. Co., 151 Mo. 397, 52 S. W. 378, 48 L. R. A. 368, and cases almost without number.

From the record before us the property in question is in the possession and under the control of the court through the defendant receivers, and was at the time the bill was filed. That it was so at the time appellant filed his application in the District Court is admitted in his brief. That his alleged cause of action may have arisen prior to the receivership does not alter the case. He seeks to file and litigate in another jurisdiction possessory actions having for their object the withdrawal from the control of the receivers property now in their hands under a decree of the District Court. This cannot be allowed without the permission of that court, which, in the instant case, in the exercise of a sound discretion, has been refused. It is quite true that neither receiverships nor bankruptcy proceedings disturb existing prior liens. In this case there is no such question involved. If appellant has a just claim, whether in the nature of lien or otherwise, it may be judicially determined in the hearing which has been tendered, and which alone is appropriate in the situation presented.

But appellant insists that section 66 of the Judicial Code (Comp. St. § 1048) allows him to bring his action in the state court without such permission first being sought and obtained. That section reads as follows:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

It is evident that appellant misconceives the scope and purpose of that act as interpreted and applied uniformly by the courts. As said in Dickinson v. Willis (D. C.) 239 F. 171:

"The line must be drawn between those cases which seek to recover a judgment against the receiver in the nature of damages and those cases which involve the possession of the property in the hands of the receiver, or the use of such property or the management thereof—the administration of the property in his hands. As to questions of possession, use, and management, I am satisfied that the appointing court, whether it be state or federal, has exclusive jurisdiction."

And in the former appeal this court said that section 66 of the Judicial Code "is not applicable to suits brought to establish adverse right, title, or interest to property in custody of receiver." The statute was not intended to embrace within its terms suits which seek to establish such rights to property in such custody, and which go to the jurisdiction and title of the court which appointed that receiver, but only to such rights of action as arise from acts of the receiver himself, or may be imputed to him after his custody has attached. Of the latter class actions for personal injuries against receivers operating common carriers are familiar examples. Buckhannon & N. R. Co. v. Davis, 135 F. 707, 68 C. C. A. 345; White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67; Investment Registry v. C. & M. Electric Ry. Co. (D. C.) 204 F. 500.

[4] Mere continuous administration of property under order of court does not constitute an "act" or "transaction" on the part of the receiver within the meaning of section 66 of the Judicial Code. This, as well as other points advanced, were so thoroughly considered and determined in the former appeal that further elaboration would be superfluous. The order of the court below was issued in the exercise of a sound discretion, in harmony with established principles of equity, and preserves to appellant all rights to which he is entitled.

It is accordingly affirmed